# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **REV. PRISCO E. ENTINES,** <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES OF AMERICA, et al.,** <br><br> Defendants. | Case No. 1: 1:13-cv-00438 (CRC) |

## **OPINION AND ORDER**

In this case, Rev. Prisco Entines seeks to establish natural-born United States citizenship. On July 25, 2014, Randy Magusara moved to join the case as a plaintiff. Several weeks later, Rodrigo Ramos also moved to join the case. On August 27, 2014, the Court denied Mr. Magusara leave to file because he failed to show that his claims arise from the same transaction or occurrence as Rev. Entines's as required by Federal Rule of Civil Procedure 20(a)(1)(A). Mr. Magusara has asked the Court to reconsider his motion. The Court writes to explain more clearly to Mr. Magusara (and Mr. Ramos) why they cannot join the suit.

To join an existing lawsuit, an individual must satisfy two conditions. First, under Federal Rule of Civil Procedure 20(a)(1)(A), he must demonstrate that his claim involves the "same transaction [or] occurrence" as the events that form the basis of the original lawsuit. Second, under Federal Rule of Civil Procedure 20(a)(1)(B), he must demonstrate that there is a "question of law or fact common to all plaintiffs." For example, if a government employee believed he suffered employment discrimination at the Department of Health in 2003 and filed a lawsuit, a different government employee who believes he suffered employment discrimination at the Department of the Environment in 2007 cannot join the first employee's case. Even though the two claims have a common issue of law—employment discrimination—satisfying the second condition, the alleged

discrimination in 2007 is not the same transaction or occurrence as the alleged discrimination in 2003, falling short of the first condition.

Here, Magusara and Ramos have demonstrated that their claims have a common question of law or fact with Rev. Entines's: whether birth in the Philippines during the territorial period constitutes birth "in the United States" under the Citizenship Clause of the Fourteenth Amendment of the United States Constitution. This satisfies the second condition. But Magusara and Ramos do not demonstrate that their claims arise from the same transaction or occurrence as Entines. Magusara and Ramos certainly have similarities to Entines—Magusara's parents were born in the Philippines during the territorial period, and Ramos himself was born in the Philippines during the territorial period—but their legal claims arise from their individual circumstances, meaning they do not arise from the same transaction or occurrence. As a result, while Magusara and Ramos could pursue their claims in their own lawsuits, they cannot join Entines's lawsuit.

For these reasons, it is hereby

**ORDERED** that Ramos's Motion to Intervene [ECF No. 10] is denied. It is further

**ORDERED** that Magusara's Motion for Reconsideration [ECF No. 12] is denied.

**SO ORDERED.**

CHRISTOPHER R. COOPER
United States District Judge

Date: October 3, 2014